IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| LAURA A. DAY, on behalf of herself and others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> PPE CASINO RESORTS MARYLAND, LLC d/b/a LIVE! CASINO & HOTEL, <br><br> Defendant. | Case No. 1:20-cv-01120-RDB |

**PLAINTIFF'S UNOPPOSED MOTION TO DIRECT CLASS NOTICE AND GRANT PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT**

Pursuant to Federal Rule of Civil Procedure 23(e)(1) and Section 16(b) of the Fair Labor Standards Act, Plaintiff Day seeks preliminary approval of the following class and collective action settlement in this wage and hour case. The Settlement Agreement (attached as Exhibit 1) provides for the creation of a $3,050,000 common fund to resolve the claims of 2,477 minimum wage workers at Live! Casino. Net of all fees and costs, Plaintiff's counsel estimates that the average settlement check will be over $840 *per capita*. Further, there is no claims process; class members will be automatically sent a check unless they ask to be excluded. In exchange for their settlement payments, class members agree to an appropriately narrow release of claims tailored to the facts alleged in the complaint. This is an outstanding result for the workers.

Based on the foregoing and as explained in Plaintiff's accompanying Memorandum of Law, Plaintiff respectfully requests the Court grant the unopposed motion to direct class notice and preliminarily approve class and collective action settlement and enter the parties proposed order (attached as Exhibit C to the Settlement Agreement). Specifically, the parties respectfully request the Court preliminarily approve the class action settlement as fair, reasonable, and adequate

1

and direct notice to the proposed settlement classes; preliminarily approve the collective action settlement as a fair and reasonable resolution of a *bona fide* dispute and certify the settlement collectives; approve the form and plan of notice; approve Analytics Consulting LLC to administer the settlement; appoint Plaintiff's counsel as class counsel; and direct the parties to carry out the settlement according to the terms of the Settlement Agreement.

Dated:  June 16, 2021                                  Respectfully submitted,

**LEBOWITZ LAW FIRM**
*/s/ Neil R. Lebowitz*
Neil R. Lebowitz (No. 25155)
8180 Lark Brown Road, Suite 201
Elkridge, Maryland 21075
Telephone:    (410) 730-9010
neil@lebowitzlegal.com
(Local Counsel)

**STUEVE SIEGEL HANSON LLP**
*/s/George A. Hanson*
George A. Hanson (*pro hac vice*)
Alexander T. Ricke (*pro hac vice*)
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone:    (816) 714-7100
Facsimile:     (816) 714-7101
hanson@stuevesiegel.com
ricke@stuevesiegel.com

**McCLELLAND LAW FIRM**
*A Professional Corporation*
Ryan L. McClelland (*pro hac vice*)
Michael J. Rahmberg (*pro hac vice*)
The Flagship Building
200 Westwoods Drive
Liberty, Missouri  64068-1170
Telephone:    (816) 781-0002
Facsimile:     (816) 781-1984
ryan@mcclellandlawfirm.com
mrahmberg@mcclellandlawfirm.com

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2021, a true and correct copy of the foregoing document was filed electronically through the Court's CM/ECF system, and therefore, will be transmitted to all counsel of record by operation of the Court's CM/ECF system.

*/s/ George A. Hanson*

**ATTORNEY FOR PLAINTIFF**